In this case appellant, plaintiff in the court below, sues appellee to recover damages for personal injuries alleged to have been occasioned by his horse taking fright at the whistling of an engine of appellee, on its track on the wharf front in the city of Galveston, in close proximity to the horse. In endeavoring to control the horse appellant was thrown and injured. The trial court instructed the jury to return a verdict for defendant. From the judgment the plaintiff Puppovich appeals.
The evidence tended to establish the following facts: Upon the occasion of the accident appellant had driven in a cart down to the wharf front in the city of Galveston. While sitting in his cart near the track, and between the track and the edge of the wharf, facing east appellant noticed an engine on appellee's track coming from the east, and just across 18th Street. When appellant noticed the engine it was about 25 feet from the street on the east side thereof. Appellant was a short distance west from the street. It is impossible to tell from the testimony, except approximately, the distance from appellant to the engine when he first noticed it coming. He says that the distance was 50 or 60, but whether yards or feet we can not tell. As soon as appellant saw the engine moving, apprehending that his horse would probably be frightened, he got out of his cart and went to his horse's head to hold him. There was evidence from which the jury might have found that those *Page 140 
in charge of the engine saw appellant when he got out of his cart and took hold of his horse, and that they saw him standing at his horse's head when the engine got opposite to where he stood. The horse stood perfectly quiet and was not frightened by the moving train. After the engine had passed the horse, about 10 feet, the engineer gave two short whistles from the engine at which the horse took fright and ran off and in attempting to hold him appellant was thrown and injured. There was no evidence showing directly any necessity for the blowing of the whistle at the time, but it was shown that the place where the accident occurred was on the wharf front, with the ordinary conditions of busy traffic, persons and teams passing and repassing and such as to authorize the presumption, in the absence of evidence to the contrary, that the blowing of the whistle was proper in the prosecution of appellee's business.
If those in charge of the engine saw appellant and from the circumstances of his getting out of his wagon and holding his horse knew or had reasonable ground to believe that the blowing of the whistle in such close proximity to the horse would frighten him, and cause him to run away, it was their duty to refrain from blowing the whistle unless it was necessary to do so to avoid some other danger which could not have been otherwise prevented, of which there is no evidence. The doctrine is thus stated in San Antonio A. P. Ry. Co. v. Belt (59 S.W. Rep., 611): "Independent of the other issues in the case, what then was necessary to be shown in order to render the company liable for injuries resulting from the fright of the horse caused by the noise of the engine, under the facts of this case? First, the presence of the horse should have been known to the operatives of the engine; second, the probability of causing fright to the horse, and consequent disaster, should have been apparent to a person of ordinary prudence, situated as the engineer then was; third, the noise causing the fright should have been due to causes under the engineer's control, and such noises should have resulted from the failure on his part to exercise ordinary care to prevent them. If these facts concur, and the person injured was exercising ordinary care, the company is liable."
We think that the evidence was sufficient to require this issue to be submitted to the jury, and that the trial court erred in instructing a verdict for the defendant. The judgment is reversed and the cause remanded.
Reversed and remanded.